JOHN H. O'BRIEN and Others, Respondents, *v.* COUNTY OF
WESTCHESTER, Appellant.

Second Department, July 24, 1919.

**Municipal corporations — liability of county of Westchester for
alleged wrongful and illegal acts of sewer commissioners — rule
of respondeat superior not applicable — complaint — no com-
mon-law cause of action against county — governmental act.**

The county of Westchester cannot be held liable under the rule of
*respondeat superior* for trespass and injury to property alleged to have
been caused by the wrongful and illegal acts of sewer commissioners
appointed by the Legislature under chapter 646 of the Laws of 1905 and
of their successors appointed by the Governor pursuant to chapter 361
of the Laws of 1911 where it appears that the county neither selected
the commissioners, employed them, nor had power to direct or supervise
them in any way, and that its sole function was to provide money with
which to pay the expenses incurred by the commissioners, which money
was to be obtained by assessment or taxation upon the limited area which
the commissioners and not the county should decide to be benefited by
the construction of the sewer.

Complaint in an action by landowners against the county upon the afore-
said ground *held* not to state a cause of action.

The plaintiffs in such action at no time had a common-law cause of action
against the county for the wrongs or trespasses of the sewer commissioners
for the reason that under the act of 1905, providing for their original
appointment, and the act of 1911, appointing their successors, the com-
missioners did not represent the county, and for the additional reason
that the construction of the sewer in question was a governmental act
for which the county would in no case be liable, nor is there liability
imposed upon the county under the County Law.

APPEAL by the defendant, County of Westchester, from an
order of the Supreme Court, made at the Westchester Special
Term and entered in the office of the clerk of the county of
Westchester on the 22d day of July, 1918, denying its motion
for judgment on the pleadings, consisting of a complaint and
answer.

*William A. Davidson* [*Francis X. Fallon* with him on the
brief], for the appellant.

*Frederick B. Van Kleeck, Jr.* [*Eben H. P. Squire* with him
on the brief], for the respondents.

Kelly, J.:

In our opinion the complaint fails to state a cause of action against the defendant County of Westchester. The plaintiffs seek to hold the county liable for the alleged wrongful and illegal acts of the sewer commissioners appointed by the Legislature under chapter 646 of the Laws of 1905, entitled " An Act to provide for the construction and maintenance of a sanitary trunk sewer and sanitary outlet sewer in the county of Westchester, and to provide means for the payment therefor," and their successors appointed by the Governor pursuant to chapter 361 of the Laws of 1911, in effect June 16, 1911, the complaint alleging that between January 1, 1908, and July 30, 1914, the defendant county " by the said Sewer Commissioners appointed as aforesaid, its servants and agents, without right or authority wrongfully and unlawfully entered " upon the real property of plaintiffs in Mount Vernon, and constructed thereon, thereunder, and therethrough, a portion of the sanitary trunk sewer which the defendant " by the said Sewer Commissioners " was authorized to construct by the Legislature as aforesaid, and in so doing committed acts of trespass and injury to said premises, and have continued to use said sewer to the date of the commencement of the action, May 13, 1916, for the purposes of a trunk sewer to sewer the municipalities through which it passes and others, and in so doing committed and continues to commit acts of trespass and injury to said premises to the injury and depreciation of said real estate both fee and rental. It is alleged that said trespass is without consent of the plaintiffs, without authority of law, and that no compensation by way of award or otherwise has been made by the defendant County of Westchester to the plaintiffs for said damage to said property. The complaint also contains an allegation that in July, 1914, more than six years after the original trespass and nearly two years before the commencement of the action, the plaintiffs conveyed the fee of the premises to the Bronx Parkway Commission, but that in the deed the plaintiffs " reserved and excepted from the said grant the claim for damages against the defendant, by reason of the construction of said sewer by the defendant as hereinbefore set forth." It is apparent that the plaintiffs seek to charge the defendant

county upon the rule of *respondeat superior*, and that upon no other principle can liability of the defendant be asserted or maintained. But the sewer commissioners who are charged with the wrongful acts were in no sense the agents or servants of the county. They were not elected by the people of Westchester county or appointed by the board of supervisors. The Legislature selected them and appointed them and prescribed their powers and duties. The county had no control over their actions, or power to direct them in the performance of their duties. It was the sewer commissioners who were empowered and directed by the act of 1905 (§ 2) to employ their own attorneys and counsel, engineers and surveyors, and to " enter upon any and all the lands deemed necessary by the said commissioners for the purposes heretofore and hereafter set out." The commissioners were to prepare maps and plans showing the area to be benefited by the sewer, and after public hearing and preparation of the final map and plan showing the property to be acquired, and the area benefited which was to be assessed for the cost of the improvement, such final map and plan was not subject to any criticism or alteration by the county of Westchester, but was " subject to the approval of the State Engineer and the State Board of Health," and it is expressly provided in the act that no contract shall be let until the map or plan is so approved by the State authorities. The act also provides (§ 4, as amd. by Laws of 1912, chap. 550) that the sewer commissioners may agree with the owners or persons interested as to the amount of the compensation to be paid for the real estate taken, and in the event that they are unable to agree the commissioners are authorized (§ 6) to institute condemnation proceedings in the name of the county of Westchester. It is provided that upon the appointment and qualification of commissioners in such proceedings, the county shall become seized of the parcels of real estate in question and that the sewer commissioners may take possession thereof. The county treasurer of Westchester county is directed (§ 6) within four months after confirmation of the report of the condemnation commissioners, to pay to the owners of the property taken, provided no appeal is taken, the sum found due them, with interest, and in case of neglect or default in payment, after

demand made, suit may be maintained in any proper form of action against the county. The award of the contracts for construction is placed exclusively with the sewer commissioners. (§ 7.) The Legislature directs (§ 14) that the cost of construction and all expenses and liabilities incurred by the commissioners shall be paid from the proceeds of bonds to be issued by the county not to exceed in the aggregate $2,000,000, which limit was, by amendments of said section 14, fixed at $2,250,000; $2,750,000; $3,550,000, and $3,866,170, not including, but in addition to, accrued interest on deposits or premiums on sales of such bonds. (See Laws of 1907, chap. 747; Laws of 1911, chap. 869; Laws of 1912, chap. 550; Laws of 1914, chap. 487, and Laws of 1916, chap. 44.) The form of the bonds is prescribed in the statute. (§ 14.) They are " payable only out of the taxes levied and collected or to be levied and collected from the taxable property within the Bronx valley sanitary sewer district," as constituted by the act. The cost of the improvement is not charged on Westchester county as a whole, but on the limited area benefited by the sewer as determined by the commissioners. The supervisors of the county are directed to levy a tax upon the real estate within the area so benefited, and the authorities of each municipality within such area are directed to assess the amount required for principal and interest upon such real estate. The entire procedure for the laying out of the sewers and the acquisition and entry upon the real estate required is beyond the control of the county which has no right to interfere in any way. It cannot direct that land shall or shall not be seized illegally or acquired legally, its sole function being to provide money with which to pay the expenses incurred by the commissioners, which money is to be obtained by assessment or taxation upon the limited area which the commissioners, and not the county, shall decide is benefited by the construction of the sewer.

I cannot understand how the doctrine of *respondeat superior* can be applied to the county and these sewer commissioners. There are cases in the books where commissioners or other officials are selected by boards of supervisors or town boards, and yet it is held that counties and towns are not responsible for their acts unless such responsibility is found in legislative enactment. But in the case of these commissioners appointed

by the Legislature in 1905 to construct the sewer in West-chester county, no such liability is imposed or suggested in the act itself or in the County Law (Consol. Laws, chap. 11; Laws of 1909, chap. 16), and the principles of the doctrine of *respondeat superior* negative the existence of such liability. The county neither selected them, employed them, nor had power to direct or supervise them in any way. If the Legislature intended that the county should be liable for the torts of these commissioners it would have so provided, and in the absence of such provision there is no privity between the county and the commissioners as to the torts or trespasses of the latter body. The only statutory obligation imposed upon the county was to pay the cost of the construction of the sewer and to reimburse itself from assessments, not levied upon the real estate of the county as a whole, but of the limited area determined by the commissioners. If it refused or neglected to pay for land lawfully taken by the commissioners, the owner of the real estate was given a right of action. If the commissioners entered upon property without agreement or proceedings to condemn, the property owner had his right to proceed against them by mandamus to compel them to follow the direction of the statute, or by action against them for trespass, and the plaintiffs could have instituted these proceedings at the time, instead of delaying for more than eight years after the initial trespass alleged in the complaint. But no liability is imposed in any event upon the county for wrongful and illegal acts of the commissioners, and the plaintiffs in this action seek to place the cost of the sewer upon the county at large instead of upon the limited area intended by the Legislature.

By the Laws of 1911, chapter 361, the commissioners appointed by the act of 1905 were removed from office, and their powers, duties and functions were granted to three commissioners to be appointed, not by the county of Westchester, but by the Governor of the State of New York for the term of two years, when their term of office and the office itself should cease and determine. By chapter 417 of the Laws of 1913 (amdg. Laws of 1905, chap. 646, § 17) the term of office of the commissioners appointed under chapter 361 of the Laws

Second Department, July, 1919.    [Vol. 189.

of 1911 was extended to two years and eleven months from the date of their organization, when their term of office and the office itself should cease and determine. The plaintiffs urge that they have no recourse save as against the county and that they have a constitutional common-law right of action for trespass which cannot be taken from them. Whether they have any other recourse is not before the court upon this application; that they ever had or now have a common-law right of action against the county has been determined adversely to their contention. " In this State the rule governing the liability or non-liability of a municipal corporation has for the past twenty-five years been settled by an unbroken line of authority, although there have been at times differences of opinion as to the application of the rule. In *Maxmilian* v. *Mayor* (62 N. Y. 160) there was stated the broad general doctrine that two kinds of duties are imposed on municipal corporations, the one governmental and a branch of the general administration of the government of the State, the other, *quasi* private or corporate; that in the exercise of the latter duties the municipality is liable for the acts of its officers or agents, while in the former it is not. * * * It is also to be remembered that the responsibility of this defendant for the acts of its officials is not the same as that which obtains in the case of ordinary municipal corporations." (*Lefrois* v. *County of Monroe*, 162 N. Y. 563.) The Court of Appeals in *Markey* v. *County of Queens* (154 N. Y. 675) considered the question of the liability of counties as municipal corporations, for the negligence or wrongful acts of the county officers. It was there held in a most instructive opinion written by Judge GRAY that there is a distinction between counties as civil divisions of the State for purposes of local government, and chartered municipal corporations, in respect to their liability for corporate acts; that this distinction was not abrogated by the County Law, and it was not intended, by the provisions of that law, that counties should be treated as upon a par with cities, when engaged in similar transactions. In the *Markey* case it was held that the county of Queens was not liable for the negligence of its board of supervisors upon whom was imposed the duty of maintaining a bridge. It was held that the duty was governmental, for the public benefit,

and that in its exercise the supervisors acted as the agents of the public at large. So in the case at bar, had these sewer commissioners been appointed by or had they been acting under the authority of the county of Westchester, it is evident that the improvement was not for the benefit of the county as a municipality. It was an improvement for the benefit of all citizens in conserving the public health. The fact that the cost of the improvement is defrayed from moneys raised by taxation upon the benefited area, or that upon completion the general supervision of the sewers may be vested in some authority created by the county, in no way affects the question. These are convenient modes of exercising a function of government, as prescribed by the Legislature. (*Maxmilian v. Mayor, supra; Hughes v. County of Monroe,* 147 N. Y. 49; *County of Albany v. Hooker,* 204 id. 1.) The plaintiffs in the case at bar at no time had a common-law cause of action against the defendant for the wrongs or trespasses of the sewer commissioners, for the reason that under the act of 1905 providing for their original appointment, and the act of 1911 regulating the appointment of their successors, these commissioners did not represent the county of Westchester, and for the additional reason that the construction of the sewer in question was a governmental act for which the county would in no case be liable, nor is any liability imposed upon the county under the general County Law.

The order should be reversed, with ten dollars costs and disbursements, and defendant's motion for judgment upon the pleadings granted, with ten dollars costs.

Jenks, P. J., Mills, Rich and Jaycox, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and defendant's motion for judgment on the pleadings granted, with ten dollars costs.